FILED
U.S. District Court
District of Kansas
11/09/2026
Clerk, U.S. District Court
By: KGS Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PEDRO ACOSTA VELAZQUEZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3386-JWL

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the petition is **denied**.

Petitioner alleges that on September 11, 2026, he was taken into custody by immigration officials and that he is presently in custody within this judicial district. Petitioner filed this case on October 14, 2026; respondents have filed an answer, but petitioner has not filed a traverse or reply brief by the Court-ordered deadline of November 6, 2026.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and

constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

In his only claim, petitioner seeks a review of the basis for his detention and his entitlement to a bond hearing (although he concedes that he has not requested such a hearing); and he requests his release if his detention is unlawful, and alternatively a bond hearing if he is entitled to one. In answer to the petition, respondents have provided evidence that at a hearing on October 21, 2026, the immigration court noted that petitioner had not filed any application for relief from removal, and it ordered petitioner's removal to Mexico. Petitioner waived appeal, and the removal order therefore became final on that date. *See* 8 C.F.R. § 1241.1(b). Petitioner's statutory removal period began on that date, *see* 8 U.S.C. § 1231(a)(1)(B)(i), and he is subject to mandatory detention during that removal period, *see id.* § 1231(a)(2)(A). Thus, petitioner is not entitled to a bond hearing, and petitioner has not alleged any basis to challenge his detention during the removal period. Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge